IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **TOWANDA MACLIN-BROWN,** **BRIAN CUNNINGHAM,** **BOBBY CHAMPION,** **MARQUEATTE YATES,** | **CASE NO.:** |
| | **COMPLAINT FOR DAMAGES** |
| Plaintiffs, | **(DEMAND FOR JURY TRIAL)** |
| vs. | |
| **FAYETTE COUNTY;** **FAYETTE COUNTY SCHOOL BOARD;** **FAYETTE COUNTY BOARD OF EDUCATION; EDDIE KEEL,** individually and as temporary interim director of the Fayette County Board of Education; **WARNER SPEAKMAN,** individually and as School Board Chairman | |
| Defendants. | |

---

## PLAINTIFFS' COMPLAINT FOR DAMAGES

---

### PARTIES

1. Plaintiff Dr. Towanda Maclin-Brown is an adult citizen of the United States and of the State of Tennessee. She is a resident of Fayette County, Tennessee.

2. Plaintiff Dr. Brian Cunningham is an adult citizen of the United States and of the State of Tennessee. He is a resident of Fayette County, Tennessee

3. Plaintiff Bobby Champion is an adult citizen of the United States and of the State of Tennessee. He is a resident of Fayette County, Tennessee.

4. Plaintiff Marqueatte Yates is an adult citizen of the United States and of the State of Tennessee. She is a resident of Fayette County, Tennessee.

5. Defendant Fayette County is a political subdivision of the State of Tennessee.

6. Defendant Fayette County School Board is a governmental entity organized under the laws of the State of Tennessee with its principal place of business in Fayette County, Tennessee.

7. Defendant Fayette County Board of Education is a governmental entity organized under the laws of the State of Tennessee with its principal place of business in Fayette County, Tennessee.

8. The individual Defendants are citizens of the United States and of the State of Tennessee. The individually named Defendants are members of the Fayette County Board of Education and Fayette County School Board, respectively and were so employed on the dates of the incidents giving rise to this lawsuit.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1331, as this case arises under federal law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. This Court also has jurisdiction pursuant to 28 USCS § 1343, as this is a civil action to redress the deprivation of rights secured by the Constitution and laws of the United States.

10. This Court has personal jurisdiction over Defendant Fayette County because it is a political subdivision of the State of Tennessee.

11. This Court has personal jurisdiction over Defendant Fayette County School Board because it is a governmental entity organized under the laws of the State of Tennessee with its principal place of business in Fayette County, Tennessee.

12. Venue is proper in the Western District of Tennessee pursuant to 42 USCS § 2000e-5 and 28 USCS § 1391, as the unlawful employment practices alleged herein were committed within this judicial district, the employment records relevant to such practices are maintained and administered in this district, and the plaintiffs would have worked in this district but for the alleged unlawful employment practices.

## STATEMENT OF FACTS

13. Plaintiffs are all Black teachers and administrators employed by the Fayette County Board of Education (also "Fayette County Schools" or the "Board").

14. Each Plaintiff was qualified for their respective position based on their education, experience, and job performance.

15. Defendants have engaged in a pattern and practice of discrimination against Black teachers and administrators, including Plaintiffs.

16. Plaintiffs engaged in protected conduct by opposing discriminatory practices within the Fayette County School system.

17. Following their protected conduct, each Plaintiff was subjected to adverse employment actions, including demotions and salary reductions.

18. These adverse employment actions were taken without any legitimate business justification.

19. Similarly situated non-Black employees were not subjected to similar adverse employment actions.

20. The facts specific to each Plaintiff are set forth below.

21. Dr. Towanda Maclin-Brown was employed as Central Director of the Innovation Office with Fayette County Board of Education.

22. Dr. Maclin-Brown was qualified for her position based on her education, experience, and job performance, for 25 years with Fayette County Schools.

23. Dr. Maclin-Brown engaged in protected conduct by voicing her concerns about proposed and rumored arbitrary changes to the district's organization chart.

24. Following her protected conduct, Dr. Maclin-Brown was demoted from her position to an Assistant Principal position, through correspondence she received on or about June 16, 2025.

25. As a result of this demotion, Dr. Maclin-Brown's annual salary was reduced by approximately $20,000.

26. There was no legitimate business justification for Dr. Maclin-Brown's demotion and salary reduction.

27. Dr. Brian Cunningham was employed as a high school Principal with the Fayette County Schools.

28. Dr. Cunningham was qualified for his position based on his education, experience, and job performance, after 16 years with Fayette County Schools.

29. Without following its own policy that recognizes employees' due process rights, the Defendant Fayette County Board of Education demoted Dr. Cunningham from his position to an Assistant Principal of an Elementary School.

30. The Board did not inform Dr. Cunningham of this demotion, prior to publicly announcing it during a district-wide in-service session on July 30, 2025.

31. As a result of this demotion, Dr. Cunningham's annual salary was reduced by approximately $13,000.

32. There was no legitimate business justification for Dr. Cunningham's demotion and salary reduction.

33. Bobby Champion was employed as Transportation Director with Fayette County Schools.

34. Mr. Champion was qualified for his position based on his education, experience, and job performance, after 21 years with Fayette County Schools.

35. Mr. Champion engaged in protected conduct by challenging School Board members on their illegal and unethical actions targeting experienced Black administrators and educators.

36. Following his protected conduct, Mr. Champion was demoted from his position to Shop Foreman, with his notice coming from a fellow employee who had been told by Eddie Keel to apply for Mr. Champion's position, on or about July 10, 2025.

37. As a result of this demotion, Mr. Champion's annual salary was reduced by approximately $12,000.

38. There was no legitimate business justification for Mr. Champion's demotion and salary reduction.

39. Thereafter, on or about September 19, 2025, Mr. Champion received correspondence from the Board stating that he had been placed on administrative leave, pending an investigation into "several irregular practices…[in] the Transportation Department." On or around Mr. Champion's receipt of notice of his suspension, he was told that co-Plaintiff Dr. Maclin-Brown "was next."

40. Marqueatte Yates was employed as District School Counseling Coordinator with Fayette County Schools

41. Ms. Yates was qualified for her position based on her education, experience, and job performance, after 19 years with Fayette County Schools.

42. Ms. Yates was promoted from School Counselor to School Counseling Coordinator in 2019, became a Certified Evaluator in 2021, led all counselor training sessions for the six (6) years from her promotion until her demotion, developed district-wide modules and curricula, and supervised more than ten (10) school counseling interns.

43. However, without cause or due process, Ms. Yates was demoted from her position to a School Counselor position by correspondence on or about June 16, 2025.

44. Between October and November 2024, Ms. Yates' supervisor informed her that Warner Speakman was working to eliminate Ms. Yates' position and offered to write her a letter of recommendation should Mr. Speakman be successful in that endeavor.

45. As a result of this demotion, Ms. Yates's annual salary was reduced by approximately $12,000.

46. There was no legitimate business justification for Ms. Yates's demotion and salary reduction.

## COUNT I – EMPLOYMENT DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 USCS § 2000e-2

47. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

48. Plaintiffs are members of a protected class.

49. Plaintiffs are Black, which places them in a protected class under Title VII of the Civil Rights Act of 1964.

50. Plaintiffs were qualified for their positions.

51. Each Plaintiff possessed the education, experience, skills, and job performance necessary to perform their respective positions.

52. Plaintiffs suffered adverse employment actions.

53. Each Plaintiff was demoted from their position and received a reduction in their annual salary.

54. Similarly situated employees outside the protected class were treated more favorably or there are other circumstances giving rise to an inference of discrimination.

55. Upon information and belief, similarly situated non-Black employees were not subjected to demotions or salary reductions.

56. The circumstances surrounding Plaintiffs' demotions and salary reductions, including the lack of any legitimate business justification, give rise to an inference of discrimination.

## COUNT II - RETALIATION IN VIOLATION OF 42 USCS § 2000E-3

57. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 56 as if fully set forth herein.

58. Plaintiffs engaged in protected activity.

59. Each Plaintiff opposed practices made unlawful by Title VII by making complaints to School Board members and District leaders and publicly seeking the advice of counsel.

60. Plaintiffs suffered adverse employment actions.

61. Each Plaintiff was demoted from their position and received a reduction in their annual salary, with some being targeted with pretextual disciplinary actions and denial of lawful medical leave.

62. There was a causal connection between the protected activity and the adverse employment action.

63. The adverse employment actions occurred shortly after Plaintiffs engaged in protected activity.

64. The timing and circumstances of the adverse employment actions demonstrate a causal connection between Plaintiffs' protected activity and the adverse employment actions they suffered.

## COUNT III - RACE DISCRIMINATION IN VIOLATION OF 42 USCS § 1981

65. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 64 as if fully set forth herein.

66. Plaintiffs are members of a racial minority.

67. Plaintiffs are Black, which makes them members of a racial minority.

68. Defendants intended to discriminate against Plaintiffs on the basis of race.

69. Defendants demoted Plaintiffs and reduced their salaries without any legitimate business justification, demonstrating an intent to discriminate on the basis of race.

70. The discrimination concerned one or more of the activities enumerated in the statute.

71. The discrimination affected Plaintiffs' employment contracts and terms of employment, which are protected.

## COUNT IV - RACE DISCRIMINATION IN VIOLATION OF 42 USCS § 1983

72. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 71 as if fully set forth herein.

73. Plaintiffs were deprived of a right secured by the Constitution or laws of the United States.

74. Plaintiffs were deprived of their right to equal protection under the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

75. The deprivation was committed by persons acting under color of state law.

76. Defendants, as governmental entities, were acting under color of state law when they demoted Plaintiffs and reduced their salaries.

77. The deprivation was caused by official policy or custom.

78. The pattern of discrimination against multiple Black employees, including Plaintiffs, demonstrates that the discriminatory actions were taken pursuant to an official policy or custom of the defendants.

## COUNT V - RACE DISCRIMINATION IN VIOLATION OF
## TENN. CODE ANN. § 4-21-401

79. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 78 as if fully set forth herein.

80. Plaintiffs are members of a protected class.

81. Plaintiffs are Black, which places them in a protected class under the Tennessee Human Rights Act.

82. Plaintiffs were qualified for their positions.

83. Each Plaintiff possessed the education, experience, skills, and job performance necessary to perform their respective positions.

84. Plaintiffs suffered adverse employment actions.

85. Each Plaintiff was demoted from their position and received a reduction in their annual salary.

86. The circumstances give rise to an inference of discrimination.

87. The lack of any legitimate business justification for Plaintiffs' demotions and salary reductions gives rise to an inference of discrimination.

### COUNT VI - RETALIATION IN VIOLATION OF TENN. CODE ANN. § 4-21-301

88. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 87 as if fully set forth herein.

89. Plaintiffs engaged in protected activity.

90. Each Plaintiff opposed discriminatory practices in violation of the Tennessee Human Rights Act by making complaints to School Board members and District leaders and publicly seeking the advice of counsel.

91. Plaintiffs suffered adverse employment actions.

92. Each Plaintiff was demoted from their position and received a reduction in their annual salary.

93. There was a causal connection between the protected activity and the adverse employment action.

94. The adverse employment actions occurred shortly after Plaintiffs engaged in protected activity.

95. The timing and circumstances of the adverse employment actions demonstrate a causal connection between Plaintiffs' protected activity and the adverse employment actions they suffered.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, and grant the following relief:

1. Compensatory damages against all defendants for lost wages, benefits, and other economic losses resulting from the unlawful demotions and salary reductions; Said sum not to exceed $400,000.00 collectively;

2. Compensatory damages against all defendants for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life pursuant to 42 USCS § 1981a; said sum not to exceed the sum of $1,500,000.00 collectively;

3. Punitive damages against all defendants pursuant to 42 USCS § 1981a;

4. TRIAL BY JURY;

5. An order requiring all defendants to reinstate Plaintiffs to their former positions with appropriate salary and benefits;

6. An order enjoining all defendants from engaging in further discriminatory or retaliatory practices and requiring them to implement policies and training to prevent future discrimination;

7. Reasonable attorneys' fees and costs; and

8. Such other relief as the Court deems just and proper.

Respectfully Submitted:

/s/ Jonathan T. Mosley_____
JONATHAN T. MOSLEY, TN BAR 031526
HANDEL R. DURHAM, JR., TN BAR 10949
KENNETH M. MARGOLIS, TN BAR 22906
5050 Poplar Avenue, Suite 1632
Memphis, Tennessee 38157

*Attorneys for Plaintiffs*

Case 2:25-cv-02973-TLP-cgc     Document 1     Filed 10/23/25     Page 12 of 12
                        PageID 12